UNITED STATES DISTRICT COURT
DISTRICT OF PUERTO RICO (San Juan)

|  |  |
|---|---|
| ABIGAIL CRUZ RODRIGUEZ, <br><br> Plaintiff, <br><br> v. <br><br> ADMINISTRACION DE CORRECCION DE PUERTO RICO and JUNTA DE LIBERTAD BAJO PALABRA, <br><br> Defendants. | CIVIL ACTION <br> NO. 3:17-01464-WGY |

YOUNG, D.J.[1]                                                   June 20, 2017

**ORDER RE PURPORTED "STAY"**

The Court acknowledges the filing of a Notice of Automatic Stay purportedly pursuant to sections 362(a) and 922(a) of the Bankruptcy Code, as incorporated by reference under section 301(a) of the Puerto Rico Oversight, Management, and Economic Stability Act ("PROMESA"), 48 U.S.C. § 2161(a).

While it is true that this action seeks, inter alia, money damages and is thus at present an unliquidated chose in action arguably properly subject to the automatic stay,[2] a close reading of the complaint reveals that the plaintiff Abigail Rodriguez

---

[1] Of the District of Massachusetts, sitting by designation.

[2] It would also appear that, while minimally plausible, this action is vulnerable to a well pleaded motion for summary judgment.

("Rodriguez") is in fact complaining of alleged wrongful imprisonment in violation of 28 U.S.C. § 1983, a deprivation of liberty that is allegedly on-going.

In Puerto Rico's unique circumstances, any overbreadth in the application of the automatic stay implicates most difficult issues of statutory interpretation and may possibly transgress the constitutional rights of United States citizens. Let's be clear – the Commonwealth of Puerto Rico continues to be a viable government. Its citizens continue to enjoy all their constitutional rights (and it would appear they continue to enjoy all their federal statutory rights as well), whatever may happen to their monetary claims against the Commonwealth.

It would be premature for this Court to express any definitive views about these important matters. Instead, the parties shall, within 90 days of the date hereof, brief the following issues:

> -What are the precise boundaries of the automatic stay in the present circumstances?
>
> -Where a complaint seeks both equitable and legal relief, can the equitable claims proceed if the legal claims are stayed? How can this be squared with the Seventh Amendment's right to trial by jury?
>
> -Who decides the scope of the automatic stay – this Court or the district judge presiding over In re: Commonwealth of Puerto Rico, Case Nos. 3:17-cv-01578 LTS and 17-03283-LTS?

In the interim, this case is not stayed. It will proceed in the ordinary course, with all deadlines in effect until stayed by this Court or another court with proper jurisdiction.

[2]

The Court desires to make fully informed, prudential decisions. Rodriguez is a pro se prisoner who appears able to communicate with this Court only in Spanish (necessitating translation). As the Administracion de Correccion is represented by the Department of Justice, the disparity in resources is palpable. At the same time, the question of how the automatic bankruptcy stay works when the functional "bankrupt" is an operating state level government is both unique and challenging. Moreover, it is an issue likely to recur in many different contexts.

Accordingly, this Court respectfully solicits briefs amici curiae. The Clerk of the United States District Court for the District of Puerto Rico is therefore directed both to publicize this order and provide copies to the Civil Rights Division of the Department of Justice as it has responsibility for Title IX and the IDEA, the Department of Education (same), the United States Trustee for the District of Puerto Rico, the Office of the Federal Defender for the District of Puerto Rico, interested bar associations, and all entities and claimants appearing in In re: Commonwealth of Puerto Rico. Any such briefs shall be filed within the time limit specified above.

**SO ORDERED.**

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE